IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-30,981-02






EX PARTE TRAVIS RONALD BEARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4788-A IN THE 216th DISTRICT COURT


FROM KENDALL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel at his initial plea of guilty rendered ineffective
assistance because she failed to investigate the Applicant's claim that he was actually innocent, failed
to contact witnesses who would have been available to testify as to his innocence, failed to timely
relay plea offers from the State, and that she coerced him into pleading guilty. The Applicant also
alleges that his counsel at the hearing on the motion to adjudicate guilt rendered ineffective
assistance because he failed to investigate, and present to the trial court, evidence of Applicant's
mental impairment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order both trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of either, or both, of Applicant's trial counsel were deficient and, if so, whether their
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 9, 2013

Do not publish